UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN PARANA, | ) |
| Plaintiff | ) |
| | ) **Case No.:** 14-190 Erie |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| THE SCHREIBER LAW FIRM, PLLC, | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JUSTIN PARANA ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against THE SCHREIBER LAW FIRM, PLLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Johnsonburg, Pennsylvania 15845.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with its principal office located at 6 Interplex Drive, Suite 209, Feasterville-Trevose, Pennsylvania 19053.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. The alleged debt, a Lowe's/GE Capital Retail Bank credit card account, arose out of transactions that were primarily for personal, family, or household purposes.

12. As Plaintiff does not owe any business debt, any debt that Defendant was attempting to collect could only be personal in nature.

13. On or about July 10, 2013, Defendant mailed Plaintiff a letter demanding payment of $1,201.70 for an alleged consumer debt. See Exhibit A, Defendant's July 10, 2013, letter to Plaintiff.

14. The letter was written on Defendant's law firm's letterhead with "Business and Trial Lawyers" appearing at the top. See Exhibit A.

15. The letter was signed "DAVID K. BIFULCO, ESQ." See Exhibit A.

16. Plaintiff understood that Mr. Bifulco had reviewed the collection account and had

2

approved the sending of the letter.  See Exhibit A.

17. The letter did not disclaim attorney review.

18. In the subject letter, Defendant stated, "My client has determined that your account may be suitable for litigation with a licensed attorney in your jurisdiction." See Exhibit A.

19. Defendant claimed, "it is essential that [Plaintiff] contact [its] office to discuss making arrangements to resolve this matter voluntarily." See Exhibit A.

20. Mr. Bilfulco threatened, "if an amicable resolution cannot be reached, I will have no other alternative but to advise my client to take further legal action with a licensed attorney in the jurisdiction where you reside." See Exhibit A.

21. Mr. Bilfulco is a licensed attorney in the Commonwealth of Pennsylvania.

22. Therefore, his statements to advise his client to take further legal action with a licensed attorney in the jurisdiction where Plaintiff resides were misleading and deceptive, as his client had already placed the account with a licensed attorney in the jurisdiction where Plaintiff resided.

23. Furthermore, the July 10, 2013, letter was Defendant's initial communication with Plaintiff. See Exhibit A.

24. Although Defendant included the statutory debt validation notice in the letter; the notice was not conveyed effectively to Plaintiff. See Exhibit A.

25. The validation notice was overshadowed and/or contradicted by accompanying messages from Defendant, and as a result, made Plaintiff uncertain of his rights. See Exhibit A.

26. Here, Defendant claimed that it was "essential" for Plaintiff to contact them to voluntarily resolve this matter or "*further* legal action would be taken," implying that legal

action had already been taken.  See Exhibit A.

27. From the perspective of the least sophisticated consumer, including Plaintiff, the indication that "further legal action would be taken" would indicate that the validity of the debt had already been decided.

28. The notice, however, informs Plaintiff that he has thirty days after receipt of this notice to dispute the validity of the debt.  See Exhibit A.

29. Upon reading this notice, the least sophisticated consumer, like Plaintiff, might wonder what purpose lodging a dispute would serve if legal proceedings had already been instituted or further legal proceedings would be instituted if he did not pay the debt.

30. The juxtaposition of Plaintiff's statutory rights with an indication that legal proceedings had been instituted (or that further legal proceedings would be instituted if the matter was not voluntarily resolved) made the least sophisticated consumer, including Plaintiff, uncertain as to his rights.

31. Additionally, upon information and belief, and not known to Plaintiff at the time he received Defendant's letter, Defendant had not taken legal action against him.

32. Therefore, Defendant's statement that it would take "further legal action" against him, which implied that some type of legal action had already been taken, was false and deceptive, as no legal action had been taken.

33. Then, on or about August 23, 2013, Defendant mailed Plaintiff a letter demanding payment of $1,201.70 for an alleged consumer debt.  See Exhibit B, Defendant's August 23, 2013, letter to Plaintiff.

34. Defendant's August 23, 2013, letter appears to be the same as its July 10, 2013, with the exception of the date on the letter.  Compare Exhibit A and Exhibit B.

35. The August 23, 2013, letter was written on Defendant's law firm's letterhead with "Business and Trial Lawyers" appearing at the top. See Exhibit B.

36. The letter was signed "DAVID K. BIFULCO, ESQ." See Exhibit B.

37. The letter did not disclaim attorney review; accordingly, Plaintiff understood that Mr. Bifulco had reviewed the collection account and had approved the sending of the letter. See Exhibit B.

38. In its letter, Defendant stated, "My client has determined that your account may be suitable for litigation with a licensed attorney in your jurisdiction." See Exhibit B.

39. Defendant claimed, "it is essential that [Plaintiff] contact [its] office to discuss making arrangements to resolve this matter voluntarily." See Exhibit B.

40. Mr. Bilfulco threatened, "if an amicable resolution cannot be reached, I will have no other alternative but to advise my client to take further legal action with a licensed attorney in the jurisdiction where you reside." See Exhibit B.

41. Mr. Bilfulco is a licensed attorney in the Commonwealth of Pennsylvania.

42. Therefore, again, his statements to advise his client to take further legal action with a licensed attorney in the jurisdiction where Plaintiff resides were misleading and deceptive, as his client had already placed the account with a licensed attorney in the jurisdiction where Plaintiff resides.

43. Furthermore, the August 23, 2013, letter was Defendant's second communication with Plaintiff, although the letter was written to suggest it was Defendant's initial communication with him.

44. The August 23, 2013, letter included the statutory debt validation notice in the letter; and again, the notice was not conveyed effectively to Plaintiff. See Exhibit B.

45. Rather, the validation notice was overshadowed and/or contradicted by accompanying messages from Defendant, and as a result, made Plaintiff uncertain of his rights. See Exhibit B.

46. Defendant claimed that it was "essential" for Plaintiff to contact them to voluntarily resolve this matter or "*further* legal action would be taken," implying that some type of legal action had already been taken. See Exhibit B.

47. From the perspective of the least sophisticated consumer, including Plaitniff, the indication that "further legal action would be taken" would indicate that the validity of the debt had already been decided.

48. The notice, however, informs Plaintiff that he has thirty days after receipt of this notice to dispute the validity of the debt. See Exhibit B.

49. Upon reading this notice, the least sophisticated consumer, like Plaintiff, might wonder what purpose lodging a dispute would serve if legal proceedings had already been instituted or further legal proceedings would be instituted if he did not pay the debt.

50. The juxtaposition of Plaintiff's statutory rights with an indication that legal proceedings had been instituted (or that further legal proceedings would be instituted if the matter was not voluntarily resolved) made the least sophisticated consumer, including Plaintiff, uncertain as to his rights.

51. Additionally, upon information and belief, and not known to Plaintiff at the time he received Defendant's letter, Defendant had not taken legal action against him.

52. Therefore, Defendant's statement that it would take "further legal action" against him was false and deceptive, as no legal action had been taken and it did not intend to take legal action against him, as almost one year later, neither Defendant nor the creditor has taken the

threatened legal action.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

53. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

    a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

    c. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d. Here, Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA by falsely implying legal action had been filed against Plaintiff, when no legal action had been filed; threatening to file further legal action against Plaintiff when it did not intend to; threatening to take legal action against Plaintiff when it did not intend to; and falsely claiming the case would be referred to a licensed attorney in Plaintiff's jurisdiction when Mr. Bifulco was a licensed attorney in Plaintiff's jurisdiction.

### COUNT II

54. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including claiming a false urgency for Plaintiff to contact them as well as sending multiple collection letters which were written to give the impression that each letter was Defendant's initial communication with Plaintiff.

## COUNT III

55.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.    A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification that effectively conveyed his rights to dispute the debt and/or request validation of the debt.

WHEREFORE, Plaintiff, JUSTIN PARANA, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JUSTIN PARANA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: July 9, 2014              By: /s/ Craig Thor Kimmel
                                            CRAIG THOR KIMMEL
                                            Attorney ID No. 57100
                                            Kimmel & Silverman, P.C.
                                            30 E. Butler Pike
                                            Ambler, PA 19002
                                            Phone: (215) 540-8888
                                            Fax: (877) 788-2864
                                            Email: kimmel@creditlaw.com