# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN PARANA | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-00190-JFM |
| | ) | |
| THE SCHREIBER LAW FIRM, PLLC, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| DAVID K. BIFULCO, ESQ., individually | ) | |
| and on behalf of The Schreiber Law Firm, | ) | |
| PLLC, | ) | |
| *Defendant* | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE NUNC PRO TUNC TO FILE THE SECOND AMENDED COMPLAINT

Defendant, David Kennedy Bifulco, Esquire ("Bifulco"), respectfully submits his response to Plaintiff's reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave Nunc Pro Tunc to file the Second Amended Complaint. The Plaintiff in the present case originally failed to provide Defendants with notice of Plaintiff's Second Amended Complaint and blatantly fabricated Bifulco's role at Schreiber in an effort to expose him to liability. Thus, the Defendants respectfully request that this Honorable Court dismiss Plaintiff's Motion for Leave Nunc Pro Tunc to File a Second Amended Complaint.

## I.    STATEMENT OF FACTS

On July 10, 2013 and August 23, 2013, the Schreiber Law Firm, PLLC ("Schreiber") mailed Plaintiff two letters requesting that he resolve an unpaid consumer debt voluntarily. Subsequently, the Plaintiff filed the original Complaint on July 9, 2014 alleging violations of the Fair Debt Collections Practices Act ("FDCPA"). Shortly thereafter, the Plaintiff filed its first

amended complaint on July 16, 2014 in which he specifically references attorney David K. Bifulco as the person who signed both letters on behalf of Schreiber, but does not name him as a Defendant. Subsequently, Defendant Bifulco contacted Plaintiff's counsel to inform him that Schreiber, a District of Columbia Law Firm, is going to cease operations, but is willing to offer the Plaintiff $2,000.00 to settle the matter.  During this same conversation, Defendant Bifulco stated that he is "of-counsel" and an employee at Schreiber, which the Plaintiff has misconstrued to mean that Bifulco is the owner and operator of the firm, which is entirely untrue.

Furthermore, the Plaintiff claims to have sought leave to file a Second Amended Complaint to add Mr. Bifulco as a defendant but managed to "inadvertently" send the certificate of service to another firm, The Schreiber Law Firm, LLC, in Salem New Hampshire, after previously sending both the original and amended complaints to the proper address.  Consequently, on July 30, 2014, the Plaintiff filed its Second Amended Complaint to add Mr. Bifulco as a defendant to this matter, without properly informing him and providing him an opportunity to object to the Plaintiff's Second Amended Complaint.  Finally, the Plaintiff's Second Amended Complaint does not change or add any new claims to their original and first amended complaints, but merely adds Mr. Bifulco as a Defendant to the matter.

## II.    ARGUMENT

### A.  The Statute of Limitations In This Matter Began To Run On July 10, 2013, Because The Alleged FDCPA Violations Contained In The July 10, 2013, Letter are Identical To The Alleged FDCPA Violations In The August 23, 2013 Letter.

Defendant Bifulco asserts that the Plaintiff's attempt to add him in their Second Amended Complaint should be denied because the statute of limitations regarding his liability had expired on July 10, 2014, not August 23, 2014.

As Plaintiff correctly recites in his Memorandum, Section 1692k(d) of the FDCPA states, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Furthermore, in the case of <u>Schuh v. Druckman & Sinel, L.L.P.</u>, the defendant cited two cases in his argument that the statute of limitations had run where the Plaintiff in each case sought to revive the statute of limitations period by complaining about a later act in furtherance of the time-barred act. <u>Schuh v. Druckman & Sinel, L.L.P.</u>, 602 F.Supp.2d 454, 466 (S.D.N.Y. 2009). The court in <u>Schuh</u> rejected the defendant's cited cases "because there was no separate violation of the FDCPA and in the defendant's case, the plaintiff's complaint did not allege the same violation in prior communications." Thus, the rule to be taken from <u>Schuh v. Druckman</u> is that the statute of limitations begins to run upon the occurrence of the latest violation of the FDCPA *unless such communication violating the FDCPA is the same as a prior communication*. <u>Schuh v. Druckman & Sinel, L.L.P.</u>, 602 F.Supp.2d 454, 466 (S.D.N.Y. 2009). (*emphasis added*).

In the present case, the Plaintiff argues that because the their Second Amended Complaint was filed within one year of the August 23, 2013 collection letter, all of their claims are not barred by the statute of limitations. However, under the ruling set forth in Schuh, this argument should fail because the alleged FDCPA violations contained in the August 23rd letter are exactly the same to the alleged violations contained in the prior July 10th letter. Furthermore, the Plaintiff admits as much in their Second Amended Complaint where he states in paragraph 34 "Defendants' August 23, 2013, letter appears to be the same as its July 10, 2013, with exception of the date on the letter." <u>See</u> Plaintiff's Second Amended Complaint paragraph 34. Therefore, under the ruling in Schuh, where the Court determined the statute of limitations begins to run upon the occurrence of the latest violation of the FDCPA unless such communication violating the FDCPA is the same as a

prior communication, the statute should begin to run from the initial communication because the alleged violations of the FDCPA are exactly the same in both instances.   Thus, Mr. Bifulco has a valid claim to his affirmative defense that the statute of limitations has run with regard to his liability in this matter.

**B. Defendant Bifulco Is Protected Under the Relation-Back Doctrine Because He Did Not Know Nor Should He Have Known That He Could Be Named As A Defendant In This Matter.**

Plaintiff's argument that Defendant Bifulco knew or should have known that he could have been named as a Defendant in this matter because he is the owner and managing attorney is entirely fabricated and inaccurate.  From the outset, Mr. Bifulco has merely been acting as an employee in the role "of counsel" at Schreiber, not the owner and operator suggested by the Plaintiff. Furthermore, as the Supreme Court stated in Krupski, the Plaintiff must show that the *Defendant knew or should have known that the action would have been brought against him, but for a mistake regarding the proper party's identity*. Krupski v. Costa Crociere, 130 S.Ct. 2485, 2491 (2010) (*emphasis added*).  At no point in time has Mr. Bifulco known or should have known that the action would have been brought against him in this matter.

In the present case, the Plaintiff has merely fabricated a mistake regarding Defendant Bifulco's identity in order to expose him to liability, when, in reality, the Plaintiff has been aware of Bifulco's role at Schreiber from the beginning.  In Plaintiff's response to Defendant's objection Nunc Pro Tunc he admits that "each complaint filed in this matter clearly alleged that Mr. Bifulco's signature gave the Plaintiff the false impression that an attorney had reviewed his account" yet he failed to name Mr. Bifulco as a Defendant in both the original complaint and the First Amended Complaint. See Plaintiff's Reply To Defendants' Opposition for Leave Nunc Pro Tunc page 5.  It was only after speaking with Mr. Bifulco and realizing that Schreiber is ceasing operations that he

changed course and has centered his efforts on Mr. Bifulco.  Clearly, this establishes that Plaintiff knew about Mr. Bifulco's role at Schreiber, and now is creating a misunderstanding of facts in an attempt to expose Mr. Bifulco to liability.

Thus, under the ruling in Krupski, because Plaintiff knew of Mr. Bifulco's involvement in this matter, as an employee of Schreiber, and Mr. Bifulco had no reason to believe that he would be or could be named as a Defendant, Mr. Bifulco should be protected by the statute of limitations and there should not be any relation-back in this matter.

## III.   CONCLUSION

WHEREFORE, because Mr. Bifulco's liability with respect to the statute of limitations to this matter has passed and Plaintiff's Second Amended Complaint would not relate back because he was not and should not have been aware of such liability, Mr. Bifulco respectfully requests that this Honorable Court deny the Plaintiff's Motion for Leave Nunc Pro Tunc to File the Second Amended Complaint.

Respectfully Submitted,

October 21, 2014                    /s/ David Kennedy Bifulco, Esquire
                                    PA ID No.: 310038
                                    Six Interplex Drive, Suite 212
                                    Trevose, PA 19053
                                    (610) 676-0650
                                    David@dkblaw.net